UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GORDON SOMERA and DELORES L.
SOMERA,

        Plaintiffs,

     v.

INDYMAC FEDERAL BANK, FSB;
QUICKEN LOANS; NDEXWEST, LLE;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
MIKE GEORGE; and DOES 1-20,
inclusive,

        Defendants.
_____/

NO. 2:09-cv-01947-FCD-DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of Quicken
Loans ("Quicken"), OneWest Bank, FSB ("OneWest"), and Mortgage
Electronic Registration Systems, Inc. ("MERS") (collectively,
"defendants") to dismiss plaintiffs' First Amended Complaint
pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and
defendant Quicken's motion to strike pursuant to FRCP 12(f).
Plaintiffs Gordon and Delores L. Somera (collectively,

1

"plaintiffs") oppose the motions.  For the reasons set forth below, defendants' motions are GRANTED in part and DENIED in part.[1]

## BACKGROUND

Plaintiffs brought this action against Quicken, OneWest, MERS, NDEX West, LLC ("NDEX"), Indymac Federal Bank, FSB ("Indymac"), Michael Lyon ("Lyon") and Mike George ("George") for conduct arising out of a loan and subsequent foreclosure activity.  (Pls.' First Amended Complaint ("Compl."), filed September 29, 2009, ¶¶ 16-54.)

Plaintiffs allege that in January 2006, they were approached by defendants Lyon and George who held themselves out as loan officers employed by Quicken and solicited plaintiffs to refinance their residence, located at 5180 Nile Road, Manteca, CA.  (Id. ¶¶ 16-25.)  During the loan application process, plaintiffs allege that Lyon and George told plaintiffs that they could get them the "best deal" and the "best interest" rates in the market.  (Id. ¶ 23.)  Plaintiffs allege that they told Lyon and George that they could no longer afford their $1726.00 monthly mortgage payment.  (Id. ¶ 26).  Lyon and George allegedly told plaintiffs that they could get plaintiffs "100% refinancing for their residence and that their new loan would be a 30 year fixed rate loan with a 6.50% interest rate," lowering plaintiffs' monthly mortgage payments from $1,726.00 per month to $1,366.76 per month including insurance and taxes.  (Id. ¶¶ 23, 29.)  Lyon

---

[1]    Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1   and George also told plaintiffs that if, in the future,

2   plaintiffs could no longer afford their loan, Lyon and George

3   would simply refinance it into an affordable loan. (Id. ¶ 31.)

4   Lyon and George sold plaintiffs a loan for their residence

5   totaling $252,325.00. (Id. ¶ 30.)

6       Plaintiffs allege that Lyon and George knew or should have

7   known that their representation regarding the terms of the loan

8   were false and misleading. (Id. ¶¶ 28-30.)  Plaintiffs claim that

9   instead of selling them a 30-year fixed loan, Lyon and George

10  sold them a loan with a 6.5% variable interest rate that adjusted

11  from a 6.5% interest-only loan after 10 years to a 6.5% principal

12  and interest loan thereafter.   Although their mortgage payment

13  started at $1,336.76, that payment adjusted to $1881.27.  (Id. ¶

14  30.)  Plaintiffs further allege that Lyon and George failed to

15  accurately describe plaintiffs' source of income on the loan

16  application. (Id. ¶ 27.)

17      The loan on the property closed over three years ago on or

18  about March 22, 2006.  (Id. ¶ 34.)  The terms of the loan were

19  memorialized in a promissory note which was secured by a Deed of

20  Trust on the property.  (Id.)

21      Plaintiffs contend Quicken Loans did not provide them with

22  documents and disclosure required under TILA. (Id. ¶¶ 44, 46.)

23  Specifically, plaintiffs allege that they did not receive the

24  required number of copies of the Notice of the Right to Cancel

25  containing the date that their ability to rescind that

26  transaction expired. (Id. ¶ 44.)

27      Plaintiffs filed the present action July 16, 2009 alleging

28  claims for (1) violation of the Truth in Lending Act ("TILA"), 15

3

U.S.C. §§ 1601 et seq.; (2) violation of the California Rosenthal Act, California Civil Code §§ 1788 et seq.; (3) negligence; (4) violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, et seq.; (5) breach of fiduciary duty; (6) fraud; (7) violation California Business & Professions Code §§ 17200 et seq.; (8) breach of contract; (9) breach of implied covenant of good faith and fair dealing; and (10) wrongful foreclosure.[2]

**STANDARDS**

**A.   Motion to Dismiss**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded"

---

[2]   The court notes that defendant Quicken did not move to dismiss plaintiffs' claims for (1) violation of RESPA; (2) breach of fiduciary duty; or (3) violation of Business & Professions Code § 17200. Accordingly, the court does not address these claims herein.

1  allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v.</u>

2  <u>Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not

3  allege "'specific facts' beyond those necessary to state his

4  claim and the grounds showing entitlement to relief."  <u>Twombley</u>,

5  550 U.S. at 570.  "A claim has facial plausibility when the

6  plaintiff pleads factual content that allows the court to draw

7  the reasonable inference that the defendant is liable for the

8  misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.

9      Nevertheless, the court "need not assume the truth of legal

10  conclusions cast in the form of factual allegations."  <u>United</u>

11  <u>States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th

12  Cir. 1986).  While Rule 8(a) does not require detailed factual

13  allegations, "it demands more than an unadorned, the defendant-

14  unlawfully-harmed-me accusation."  <u>Iqbal</u>, 129 S. Ct. at 1949.  A

15  pleading is insufficient if it offers mere "labels and

16  conclusions" or "a formulaic recitation of the elements of a

17  cause of action."  <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S. Ct. at

18  1950 ("Threadbare recitals of the elements of a cause of action,

19  supported by mere conclusory statements, do not suffice.").

20  Moreover, it is inappropriate to assume that the plaintiff "can

21  prove facts which it has not alleged or that the defendants have

22  violated the . . . laws in ways that have not been alleged."

23  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council</u>

24  <u>of Carpenters</u>, 459 U.S. 519, 526 (1983).

25      Ultimately, the court may not dismiss a complaint in which

26  the plaintiff has alleged "enough facts to state a claim to

27  relief that is plausible on its face."  <u>Iqbal</u>, 129 S. Ct. at 1949

28  (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570

1    (2007)).  Only where a plaintiff has failed to "nudge [his or

2    her] claims across the line from conceivable to plausible," is

3    the complaint properly dismissed.  <u>Id.</u> at 1952.  While the

4    plausibility requirement is not akin to a probability

5    requirement, it demands more than "a sheer possibility that a

6    defendant has acted unlawfully."  <u>Id.</u> at 1949.  This plausibility

7    inquiry is "a context-specific task that requires the reviewing

8    court to draw on its judicial experience and common sense."  <u>Id.</u>

9    at 1950.

10   **B.   Motion to Strike**

11         Federal Rule of Civil Procedure 12(f) enables the court by

12   motion by a party or by its own initiative to "order stricken

13   from any pleading . . . any redundant, immaterial, impertinent,

14   or scandalous matter."  The function of a 12(f) motion is to

15   avoid the time and expense of litigating spurious issues.

16   <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993),

17   <u>rev'd on other grounds</u>, 510 U.S. 517 (1994); <u>see also</u> 5A Charles

18   A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §

19   1380 (2d ed. 1990).

20         Rule 12(f) motions are generally viewed with disfavor and

21   not ordinarily granted because they are often used to delay and

22   because of the limited importance of the pleadings in federal

23   practice.  <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1478 (C.D.

24   Cal. 1996).  A motion to strike should not be granted unless it

25   is absolutely clear that the matter to be stricken could have no

26   possible bearing on the litigation.  <u>Lilley v. Charren</u>, 936

27   F. Supp. 708, 713 (N.D. Cal. 1996).

28   /////

**ANALYSIS**

**A.    Defendants' and Plaintiffs' Exhibits**

In ruling upon a motion to dismiss, the court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.   See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp.2d 1035, 1042 (C.D. Cal. 1998).   "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."   United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).   "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."   Id.   The policy concern underlying the rule is to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."   Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

Plaintiffs' complaint alleges several causes of action that are premised on defendants' failure to provide certain required disclosures during and after the loan transaction.   Accordingly, as these documents form the bases of the relevant causes of action, the court considers them and assumes that the contents are true for the purpose of a motion to dismiss.

/////

/////

7

**B.    TILA Violation**

Plaintiffs' First claim for relief alleges that defendant Quicken violated TILA by failing to provide the required disclosures to plaintiffs at the time of closing, and by failing to respond to plaintiffs' demand of rescission.  (Compl. ¶¶ 37.)  Plaintiffs seek to rescind the Loan and obtain damages pursuant to 15 U.S.C. § 1640(a)(2).  Additionally, plaintiffs argue that their first amended complaint also serves as a proper demand for rescission under TILA.  Quicken moves to dismiss the claim, arguing, *inter alia*, that plaintiffs' rescission claim is time barred by TILA's three-year statute of limitations.[3]  Plaintiffs assert that defendant's failure to respond to their notice of rescission extended the three-year statute of limitations.

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers."  <u>Ford Motor Credit Co. v. Milhollin</u>, 444 U.S. 555, 560 (1980) (quoting 15 U.S.C. § 1601).  The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998).  A loan disclosure violation under TILA triggers two potential remedies for a borrower: rescission, 15 U.S.C. § 1635, and damages, 15 U.S.C. § 1640.

In a consumer credit transaction where the creditor acquires a security interest in the borrower's principal dwelling, TILA

---

[3]    The court notes that defendant does not move to dismiss plaintiff's claim for damages under TILA.

provides the borrower with "a three-day cooling-off period within which [he or she] may, for any reason or for no reason, rescind" the transaction.  McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007) (citing 15 U.S.C. § 1635).  A creditor must "clearly and conspicuously disclose" this right to the borrower along with "appropriate forms for the [borrower] to exercise his right to rescind." 15 U.S.C. 1635(a).

If a creditor fails to provide the borrower with the required notice of the right to rescind, the borrower has three years from the date of consummation to rescind the transaction. Id. § 1635(f); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation.").  The borrower's right to rescind, moreover, applies equally against the original creditor and subsequent assignees.  15 U.S.C. § 1641(c); see Boles v. Merscorp, Inc., No. 08-1989, 2008 WL 5225866, at *3 (C.D. Cal. Dec. 12, 2008) ("Where the loan has been assigned, the borrower still maintains the right to 'rescind against an assignee to the full extent it would be able to rescind against the original creditor.'" (quoting Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1458 (D. Haw. 1996))).

However, if the borrower files his or her suit over three years from the date of a loan's consummation, a court is powerless to grant rescission.  Miguel, 309 F.3d at 1164 ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach,

9

523 U.S. at 412 ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."). If a borrower exercises her right to rescind within the three-year limitation period, such action only entitles the borrower to damages, not rescission. <u>Cazares v. Household Fin. Corp.</u>, No. CV 04-6887 DSF, 2005 U.S. Dist. LEXIS 39222, at *24-25 (C.D. Cal. 2005) (citing 15 U.S.C. § 1640(a); <u>Belini v. Wash. Mut. Bank, FA</u>, 412 F.3d 17 (1st Cir. 2005)). <u>But see</u> <u>Santos v. Countrywide Home Loans</u>, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710, at *3-5 (E.D. Cal. August 14, 2009) (finding that, if creditor does not properly respond to notice of rescission provided by borrower within limitations period, borrower could file suit after three-year period of repose).

Here, plaintiffs' allegation that Quicken did not provide them with the required notice gave them three years from the consummation of her loan to seek rescission. Plaintiffs consummated the loan with Quicken on March 22, 2006, and filed the present action on July 16, 2009.[4] (MTD 6:12-19.) Because plaintiffs filed their Complaint over three years from the date of consummation, the court is without jurisdiction to consider their claim for rescission under TILA.[5] <u>See</u> <u>Miquel</u>, 309 F.3d at

---

[4] In their first amended complaint, plaintiffs state the date of loan consummation was March 17, 2006. (Compl. ¶ 34.) The court takes judicial notice of the date provided by defendant, March 22, 2006, as it is the date recorded on the Deed of Trust. (Def's Req. Jud. Not. filed October 30, 2009 ¶ 1:27.) However, neither date saves plaintiffs' prayer for rescission under TILA from the 3 year statute of limitation.

[5] In addition to filing this action, plaintiffs also claim they made a demand to rescind the loan under TILA on April 2, 2009. (Compl. ¶ 37.) As this date was also after the 3 year statute of limitations, the court need not determine whether this

10

1164 (noting that congressionally imposed time limits "deprive courts of jurisdiction" when plaintiffs fail to seek rescission within three-year period).

Further, the court declines to grant plaintiffs leave to amend. While leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15, the court is not required to allow *futile* amendments. <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983). Here, amendment of the complaint with respect to plaintiffs' rescission claim would be futile under the governing law described above, and plaintiffs do not provide any other facts which could plausibly give rise to such a claim against Quicken. <u>See Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, Quicken's motion to dismiss plaintiffs' first claim for rescission under TILA is GRANTED without leave to amend.[6]

/////

/////

---

notification was a valid rescission.

[6]   The court also notes that plaintiffs failure to plead the ability to tender payment is sufficient grounds for dismissal of their rescission claim. The Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender." <u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1171 (9th Cir. 2003) (emphasis in original). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. <u>See, e.g.</u>, <u>Ibarra v. Plaza Home Mortgage</u>, No. 08-CV-01707-H, 2009 U.S. Dist. LEXIS 80581, at *22 (S.D. Cal. Sept. 4, 2009). Neither plaintiffs' complaint, nor their subsequent filings, allege any facts that would allow the court to make a reasonable inference that they once had or currently have the ability to tender or that rescission should not be conditioned on repayment.

C.  **Negligence**

The plaintiffs' Third claim asserts that defendants MERS and OneWest breached a duty of care to plaintiffs by not properly performing administrative functions, falsely communicating to others information regarding plaintiffs loan, and authorizing others to collect payments on plaintiffs' mortgage and commence foreclosure proceedings.  (Compl. ¶ 85.)  Defendants move to dismiss on the basis that they do not owe a duty to plaintiffs.

Under California law, the elements of a claim for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996) (internal citations omitted); see also Cal Civ Code § 1714(a).  "The question of the existence of a legal duty of care ... presents a question of law which is to be determined by the courts alone." First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000).  "Absent the existence of duty . . . there can be no breach and no negligence." Nichols v. Keller, 15 Cal. App. 4th 1672, 1683 (1993).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n., 231 Cal. App. 3d 1089, 1096 (1991).  Similarly, a loan servicer does not have a duty to a borrower when its involvement does not exceed the scope of its role as a mere loan servicing company.  See Watts v. Decision One Mortgage Co., LLC,

12

2009 U.S. Dist. LEXIS 59694, at *7 (S.D. Cal. July 13, 2009); Hendrickson v. Popular Mortgage Servicing, Inc., 2009 U.S. Dist. LEXIS 43401, at *20 (N.D. Cal. May 21, 2009); Cataulin v. Wash. Mut. Bank, FSB, 2009 U.S. Dist. LEXIS 19667, at *14 (S.D. Cal. Mar. 9, 2009).

Plaintiffs cite no authority to establish that a duty runs from MERS or OneWest, as loan administrators, to plaintiffs. Plaintiffs only allege a general duty to avoid harm.  Other than general allegations against all the defendants in the complaint, plaintiffs do not allege facts specific to MERS or OneWest that explain how either exceeded their roles as loan administrators. As such, plaintiffs' allegations do not support the imposition of a duty and thus, do not give rise to liability for negligence.

Accordingly, MERS and OneWest motion to dismiss the Third claim is GRANTED.

**D.   Fraud**

Plaintiffs' Sixth claim alleges that defendants' conduct during and after the loan transaction constitutes fraud. (Compl. ¶¶ 108-121.)

"Under California law, 'the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (quoting Hackethal v. Nat'l Cas. Co., 189 Cal. App. 3d 1102, 1111 (1987)). To bring a fraud claim, the plaintiff must satisfy FRCP 9(b)'s heightened pleading requirement.  This means that plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  In other words, the plaintiff must include

"the who, what, when, where, and how" of the fraud.  <u>Vess</u>, 317
F.3d at 1106 (citations omitted).  "The plaintiff must set forth
what is false or misleading about a statement, and why it is
false." <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir.
1994).  Furthermore, "Rule 9(b) does not allow a complaint to
merely lump multiple defendants together but require[s]
plaintiffs to differentiate their allegations when suing more
than one defendant . . . and inform each defendant separately of
the allegations surrounding his alleged participation in the
fraud." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765-66 (9th Cir.
2007).  The purpose of FRCP 9(b) is to ensure that defendants
accused of the conduct specified have adequate notice of what
they are alleged to have done, so that they may defend against
the accusations. <u>Concha v. London</u>, 62 F.3d 1493, 1502 (9th Cir.
1995).

When asserting a fraud claim against a corporation, "the
plaintiff's burden . . . is even greater. . . . The plaintiff
must 'allege the names of the persons who made the allegedly
fraudulent representations, their authority to speak, to whom
they spoke, what they said or wrote, and when it was said or
written.'" <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 645 (1996)
(quoting <u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u>, 2 Cal. App.
4th 153, 157 (1991)); <u>see also</u> <u>e.g.</u> <u>Mohammad Akhavein v. Argent
Mortgage Co.</u>, 2009 U.S. Dist. LEXIS 61796, at *10 (N.D. Cal. July
17, 2009); <u>Spencer v. DHI Mortgage Co.</u>, 2009 U.S. Dist. LEXIS
55191, at *18 (E.D. Cal. June 30, 2009).

/////

/////

14

1      **1.   Fraud Claim Against MERS And Onewest**

2          Plaintiffs fail to allege any facts to support a fraud claim

3  against MERS and OneWest.  Plaintiffs simply recite the elements

4  of a fraud claim as general allegations against all the named

5  defendants.  Plaintiffs neither substantiate the fraud claim with

6  any facts nor even attempt to connect factual allegations

7  specific to each defendant to the recited elements.  Without any

8  allegations in the complaint specifying the false

9  misrepresentations that MERS or OneWest made or identifying the

10  name of a MERS or OneWest representative who allegedly made the

11  fraudulent representations, plaintiffs' fraud claim against MERS

12  or OneWest cannot survive a motion to dismiss.

13          Accordingly, the motion of MERS and OneWest to dismiss the

14  Sixth claim is GRANTED.

15      **2.   Fraud Claim Against Quicken**

16           Plaintiffs assert that defendant Quicken, through its

17  representatives Lyon and George, intentionally and falsely

18  represented to plaintiffs that their loan would have a fixed

19  interest rate and that it could get them the "best deal" and

20  "best interest rates."  (Compl. ¶¶ 23-31.)  Plaintiffs also claim

21  that they were misled into an unaffordable loan after defendant

22  intentionally falsified their income on the loan application

23  form.  (<u>Id.</u>)  Plaintiffs claim that they relied upon such

24  representations in refinancing their property, but that on or

25  about January 28, 2009, as the ultimate result of defendant's

26  fraud, a Notice of Default was issued on plaintiffs' property

27  after plaintiffs could no longer afford the loan.  Defendants

28  move to dismiss plaintiffs' fraud claim for failure to satisfy

15

1   Rule 9(b)'s heightened pleading requirements.

2       In this case, plaintiffs have sufficiently alleged a claim
3   for fraud against defendant Quicken.  Plaintiffs allege that
4   defendants Lyon and George induced plaintiffs to agree to an
5   unaffordable loan by quoting plaintiffs false loan terms and
6   intentionally falsifying their income on the loan application.
7   Plaintiffs also allege, that George and Lyon were loan agents
8   acting on defendant Quicken's behalf and that Quicken endorsed
9   its agents' fraudulent behavior.  As such, plaintiffs have given
10  defendant Quicken sufficient notice of the basis for their fraud
11  claim against it.

12      Accordingly, Quicken's motion to dismiss plaintiffs' sixth
13  claim for fraud is DENIED.

14  **E.   Breach Of Contract**

15      Plaintiffs' Eighth claim alleges that Quicken, represented
16  by Lyon and George, breached a number of agreements with
17  plaintiffs.  (Compl. ¶ 130-137.)  Defendant Quicken argues that
18  plaintiffs fail to state a claim for breach of contract in their
19  complaint.

20      In California, "[a] cause of action for breach of contract
21  requires proof of the following elements: (1) existence of the
22  contract; (2) plaintiff's performance or excuse for
23  nonperformance; (3) defendant's breach; and (4) damages to
24  plaintiff as a result of the breach."  <u>CDF Firefighters v.</u>
25  <u>Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008).

26      Plaintiffs, however, fail to allege any facts in the
27  complaint that identify the existence of a contract between
28  Quicken and plaintiffs.  Plaintiffs also allege no facts showing

16

how Quicken breached the contract.  Plaintiffs, instead, make
general allegations against Quicken, Lyon and George without
identifying what contract which party entered into and how each
party breached the alleged contract.  These allegations do not
give Quicken fair notice of the nature the claim against it.[7]

Accordingly, Scrima's motion to dismiss the Eighth claim is
GRANTED.

**F.   Breach Of Implied Covenant Of Good Faith And Fair Dealing**

Plaintiffs' Ninth claim asserts generally that defendant
Quicken failed to act in good faith and fair dealing when
carrying out their duties under "the contract that is at issue in
this action."  (Compl. ¶ 114.)  Defendant moves to dismiss on the
basis that plaintiffs' complaint fails to state a claim because
they have failed to allege a contractual relationship.

"The prerequisite for any action for breach of the implied
covenant of good faith and fair dealing is the existence of a
contractual relationship between the parties."  <u>Smith v. City &
County of San Francisco</u>, 225 Cal. App. 3d 38, 49 (1990).  "To
establish a breach of an implied covenant of good faith and fair
dealing, a plaintiff must establish the existence of a
contractual obligation, along with conduct that frustrates the
other party's rights to benefit from the contract."  <u>Fortaleza v.
PNC Fin. Servs. Group, Inc.</u>, 2009 U.S. Dist. LEXIS 64624, at **

---

[7]     Further, to the extent plaintiffs attempt to save the
claim by alleging an oral contract that occurred during the loan
transaction between January 2006 and March 2006, the claim is
barred by the statute of limitations.  The two-year statute of
limitations ran in early 2008.  <u>See</u> Cal. Civ. Proc. § 339.
Plaintiffs also do not allege any facts that would allow the
court to toll the statute of limitations.  Therefore, the statute
of limitations bars this claim.

15-16 (N.D. Cal. July 27, 2009).  The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." <u>Pasadena Live, LLC v. City of Pasadena</u>, 114 Cal. App. 4th 1089, 1093-1094 (2004).  "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." <u>Wolf v. Walt Disney Pictures and Television</u>, 162 Cal. App. 4th 1107, 1120 (2008).

As set forth above, plaintiffs fail to plead any facts that identify the existence of any contract between plaintiffs and Quicken.  As this claim is a derivative of a breach of contract claim, plaintiffs' failure to allege the existence of a contract between plaintiffs and Quicken is fatal to the claim.

Accordingly, the motion of Quicken to dismiss the Ninth claim is GRANTED.

**G.    Wrongful Foreclosure**

Plaintiffs' Tenth claim for relief alleges a wrongful foreclosure claim against defendants MERS and OneWest predicated on violations of Section 2923.5 of the California Civil Code and Section 3301 of the California Commercial Code.  (FAC at ¶¶ 127, 129.)  Defendants contend that plaintiffs' wrongful foreclosure claim fails primarily because plaintiffs have not alleged ability to tender the borrowed funds to the lender.

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." <u>Karlsen v. American Sav. & Loan Assn.</u>, 15 Cal.

App. 3d 112,117 (Cal. App. 2d Dist. 1971).  The overwhelming majority of California district courts utilize the <u>Karlsen</u> rationale in examining wrongful foreclosure claims.  <u>Anaya v. Advisors Lending Group</u>, 2009 U.S. Dist. LEXIS 68373 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); <u>Alicea v. GE Money Bank</u>, 2009 U.S. Dist. LEXIS 60813 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); <u>Montoya v. Countrywide Bank</u>, 2009 U.S. Dist. LEXIS 53920 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt").  The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property."  <u>Williams v. Countrywide Home Loans</u>, 1999 U.S. Dist. LEXIS 14550 (N.D. Cal. Sept. 15, 1999).

In this case, plaintiffs have not alleged any facts supporting their ability to tender any payment.  In response to defendants' assertions that they lack the ability to tender payment, plaintiffs contend that more discovery is needed before they know how much to tender.  (Pl's. Opp'n to OneWest's and MERS's Mot. to Dismiss, filed Sept. 1, 2010, 16:22-24.)

1  However, plaintiffs fail to set forth any factual allegations
2  demonstrating an immediate ability or willingness to tender
3  payment.

4      Accordingly, MERS's and OneWest's motions to dismiss
5  plaintiffs' tenth cause of action for wrongful foreclosure is
6  GRANTED.

7  **H.   Violation Of California Business & Professions Code § 17200**

8      Plaintiffs' Seventh claim asserts that all defendants
9  violated Section 17200 of the California Business & Professions
10 Code by engaging in unlawful, unfair, and fraudulent business
11 practices.  (Compl. ¶ 107.)  Defendants OneWest and MERS argue,
12 inter alia, that plaintiffs fail to state a claim as they merely
13 rely upon conclusory assertions of unlawful, unfair, and
14 fraudulent business practices and base their claims upon the
15 foregoing violations, which fail to state a claim.

16     The Unfair Competition Law ("UCL"), California Business and
17 Professions Code §§ 17200, *et seq.*, forbids acts of unfair
18 competition, which includes "any unlawful, unfair or fraudulent
19 business act or practice."  Cal. Bus. & Prof. Code § 17200.  "The
20 UCL is broad in scope, embracing anything that can properly be
21 called a business practice and that at the same time is forbidden
22 by law." People ex rel. Gallegos v. Pacific Lumber Co., 158 Cal.
23 App. 4th 950, 959 (2008) (internal citations omitted).  Section
24 17200 "'borrows' violations of other laws and treats" them as
25 unlawful business practices "independently actionable under
26 section 17200." Farmers Ins. Exch. V. Superior court, 2 Cal. 4th
27 377, 383 (1992).  Violation of almost any federal, state, or
28 local law may serve as the basis for a[n] [unfair competition]

20

claim." <u>Plascencia v. Lending 1st Mortg.</u>, 583 F. Supp. d 1090, 1098 (9th Cir. 2008) (citing <u>Suanders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994)); <u>see</u> <u>Hauk v. JP Morgan Chase Bank United States</u>, 552 F.3d 1114 (9th Cir. 2009) ("California's UCL has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'")

Because plaintiffs' UCL claim against moving defendants OneWest and MERS is predicated on facts supporting their other claims, all of which the court has dismissed, the defendants' motions to dismiss plaintiffs' seventh claim for relief for violations of California Business & Professions Code § 17200 is GRANTED.

## I.   Punitive Damages

Defendant Quicken moves to strike plaintiffs' claims for punitive damages on the ground that the complaint fails to plead sufficient facts to warrant the award of such damages.[8] Specifically, defendant contends that plaintiff has not sufficiently alleged specific facts that support fraudulent conduct.

California Civil Code § 3294 authorizes punitive damages against a tortfeasor who is guilty of "oppression, fraud or

---

[8]   Defendant also moves to strike plaintiff's request for punitive damages on the basis that punitive damages are not available in an action for breach of contract.  Because the court has granted defendant's motion to dismiss with respect to plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims, the court does not reach the merits of this argument.

1  malice, express or implied." "In federal court, a plaintiff may
2  include a 'short and plain' prayer for punitive damages that
3  relies entirely on unsupported and conclusory averments of malice
4  or fraudulent intent." Clark v. Allstate Ins. Co., 106 F. Supp.
5  2d 1016, 1019 (S.D. Cal. 2000) (discussing federal court pleading
6  requirements for a claim for punitive damages under § 3294); see
7  Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1184 (E.D. Cal.
8  2005); Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405,
9  406 (C.D. Cal. 2005) (noting that "[w]hile California law governs
10 Plaintiff's substantive claim for punitive damages under
11 California Civil Code § 3294, the Federal Rules of Civil
12 Procedure govern the punitive damages claim procedurally with
13 respect to the adequacy of pleadings.").

14      Under federal pleading standards, defendant's argument that
15 plaintiff must plead specific facts to support allegations for
16 punitive damages is without merit. Further, as set forth above,
17 plaintiff has alleged sufficient facts to state a claim for fraud
18 against defendant Quicken.

19      Accordingly, defendants' motion to strike plaintiffs'
20 request for punitive damages is DENIED.

21                          **CONCLUSION**

22      For the foregoing reasons, defendants' motions to dismiss
23 plaintiffs' complaint are GRANTED in part and DENIED in part, and
24 defendant Quicken's motion to strike is DENIED. Plaintiffs are
25 granted fifteen (15) days from the date of this order to file an
26 amended complaint in accordance with this order. Defendants are
27 granted thirty (30) days from the date of service of plaintiffs'
28 amended complaint to file a response thereto.

                                22

1    IT IS SO ORDERED.

2

3   Dated: March 2, 2010    _____

4                           FRANK C. DAMRELL, JR.
                            UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23