UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GORDON SOMERA and DELORES L. SOMERA,

        Plaintiffs,

    v.

INDYMAC FEDERAL BANK, FSB; QUICKEN LOANS; NDEXWEST, LLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MIKE GEORGE; and DOES 1-20, inclusive,

        Defendants.
_____/

NO. 2:09-cv-01947-FCD-DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of defendant Quicken Loan Inc.'s ("Quicken") to dismiss plaintiffs Gordon Somera and Delores L. Somera's ("plaintiffs") second amended complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).  Specifically, defendant Quicken contends that plaintiffs' second amended complaint fails to allege any federal claims and thus, the court should decline to exercise

1

1  supplemental jurisdiction.  Defendants One West Bank, FSB, and
2  Mortgage Electronic Registration Systems, Inc. also filed a
3  motion to dismiss pursuant to FRCP 12(b)(6).  Plaintiffs concede
4  that they no longer allege any federal claims and requests that
5  the court dismiss the complaint without prejudice.

6       Jurisdiction is a threshold inquiry before the adjudication
7  of any case before the court.  See Morongo Band of Mission
8  Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380
9  (9th Cir. 1988).  Without jurisdiction, this court cannot
10 adjudicate the merits of this case or order any relief.  See id.
11 ("If the district court had no jurisdiction over the subject
12 matter, the action should have been dismissed, regardless of the
13 parties' preference for an adjudication in federal court.").

14      Plaintiff's original and first amended complaint alleged
15 claims for (1) violation of the Truth in Lending Act ("TILA"), 15
16 U.S.C. §§ 1601 et seq.; (2) violation of the California Rosenthal
17 Act, California Civil Code §§ 1788 et seq.; (3) negligence; (4)
18 violation of Real Estate Settlement Procedures Act ("RESPA"), 12
19 U.S.C. §§ 2605, et seq.; (5) breach of fiduciary duty; (6) fraud;
20 (7) violation California Business & Professions Code §§ 17200 et
21 seq.; (8) breach of contract; (9) breach of implied covenant of
22 good faith and fair dealing; and (10) wrongful foreclosure.  On
23 March 3, 2010, the court granted in part and denied in part
24 defendants' motion to dismiss plaintiffs' complaint with leave to
25 amend.  However, plaintiffs filed a second amended complaint on
26 March 12, 2010, which is devoid of any federal claims.

27      Subject to the conditions set forth in 28 U.S.C. § 1367(c),
28 district courts may decline to exercise supplemental jurisdiction

over state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity."  Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.

  Accordingly, plaintiffs' complaint is dismissed without prejudice.

  IT IS SO ORDERED.

DATED: May 21, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE